UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN RAY HENDRICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-1078-J |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a state prisoner appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2254. (Pet.) [Doc. No. 1].[1] The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B), (C).

On January 16, 2024, Judge Green issued a Report and Recommendation recommending that the Court dismiss Petitioner's action with prejudice as untimely. (Rep. & Rec.) [Doc. No. 8]. Petitioner timely objected on February 2, 2024. [Doc. No. 9]. The Court "applies de novo review to those findings on which [Petitioner] specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

**I.    Background**

On June 15, 2018, in state district court, Petitioner pled guilty to four sex offenses and was sentenced to three concurrent terms of life imprisonment and one consecutive ten-year term. *State*

---

[1] All page citations refer to the Court's CM/ECF pagination.

*v. Hendricks*, No. CF-2018-1084 (Okla. Cnty. Dist. Ct.).[2]  He did not seek to withdraw his guilty plea or file a direct appeal. *Id.*

On June 8, 2023, in state district court, Petitioner filed a post-conviction motion for DNA testing; he filed an amended motion on June 22, 2023.  Pet. at 18.  Upon noting that Petitioner knowingly and voluntarily waived his right to request post-conviction DNA testing under his plea agreement, the motions were denied.  *Id.* at 18–19.  The ruling was affirmed by the state appellate court on October 13, 2023.  *Id.* at 22.

In his instant action, Petitioner raises four grounds for habeas corpus relief: (1) insufficient DNA evidence to convict; (2) ineffective assistance of counsel; (3) actual innocence; and (4) conspiracy to deprive civil rights.  *See id.* at 6–11.

## II.    Report and Recommendation

On review, Judge Green noted that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations period exists for § 2254 petitions.  Rep. & Rec. at 4.  Applying 28 U.S.C. § 2244(d)(1), Judge Green concluded Petitioner's habeas action was untimely.  *Id.* at 5.  Furthermore, Judge Green determined this untimeliness was not excused by a showing of Petitioner's actual innocence.  *Id.* at 6–7.

## III.   Petitioner's Objection

At the outset, Petitioner concedes that his action is untimely under the AEDPA.  [Doc. No. 9] at 1 ("Petitioner concedes that his application/petition for habeas corpus relief is untimely as to AEDPA limitation.").  However, he objects to Judge Green's conclusion "that he is not entitled to an actual innocence exception to the AEDPA limitation."  *Id.*

---

[2] The state-court docket is publicly available at https://www.oscn.net/dockets/GetCaseInformatio-n.aspx?db=oklahoma&number=CF-2018-1084&cmid=3634667 (last visited Feb. 5, 2024).

2

Federal courts may excuse noncompliance with the AEDPA's one-year limitations period if a petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). When used to overcome procedural issues, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks omitted). While "a petitioner need not make a case of conclusive exoneration," *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (internal quotation marks omitted), the standard is "demanding," *Perkins*, 569 U.S. at 401. "[T]enable actual-innocence gateway pleas are rare," *id.* at 386, arising only "in an extraordinary case," *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

"To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "[T]he innocence inquiry requires a holistic judgment about all the evidence, and its likely effect on reasonable jurors applying the reasonable-doubt standard." *Id.* at 1032 (internal quotation marks omitted).

Here, Petitioner points to two handwritten, notarized letters "from his ex mother in law and sister in law where the victim told them that the petitioner Allen Hendricks did not do the things that he was accused of." Pet. at 28; *see also* [Doc. No. 9] at 2 ("Petitioner has presented evidence

3

of the victim's statement to dis-interested parties that Petitioner did none of the things he is accused of."). The letters are undated, though it appears they were drafted and notarized prior to April 28, 2023.[3] *See* Pet. at 29–30. In the first letter, the writer briefly provides she heard Petitioner's victim "tell her mother that [Petitioner] didn't do what she said he did." *Id.* at 29. The writer does not provide the date of the victim's alleged statement nor its context. *Id.* The second letter is more descriptive and contains the same general allegation; the writer claims she heard the victim's alleged statement "sometime in October 2021." *Id.* at 30.

The Court finds this evidence fails to meet the high standard of demonstrating Petitioner's actual innocence. The letters are vague, undated, and suggest the victim made her statement as far back as October 2021. They were drafted and notarized sometime before April 28, 2023, but not submitted to the Court until November 27, 2023. This all weighs against the evidence's reliability. *See Schlup*, 513 U.S. at 332 ("[T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence."); *Perkins*, 569 U.S. at 399 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of actual innocence].").

But more importantly, "[b]ecause [Petitioner] pleaded guilty, his claim of actual innocence is precluded by that guilty plea." *Hilburn v. Rankins*, No. 23-7050, 2024 WL 277683, at *3 (10th Cir. Jan. 25, 2024) (citing *United States v. Rising*, 631 F. App'x 610, 617 (10th Cir. 2015)). Though Petitioner suggests his guilty plea was involuntary and coerced, the state district and appellate courts determined differently,[4] and this attack is raised for the first time over five years

---

[3] Both letters display a seal providing that the expiration date of the notary public's commission was April 28, 2023. *See* Pet. at 29–30.

[4] In denying Petitioner's post-conviction motions for DNA testing, the state district court noted "[t]he record show[ing] that [Petitioner] voluntarily and knowingly entered a written waiver of his

4

after his guilty plea and sentencing. Petitioner's guilty plea is simply inconsistent with his claim of actual innocence.[5] *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("[Petitioner] pled guilty. While he claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").

## IV.   Conclusion

Having reviewed Petitioner's objection de novo and the unobjected-to portions of the Report and Recommendation for clear error, the Court agrees with Judge Green's analysis as to the untimeliness of Petitioner's action and the inapplicability of the actual innocence exception. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Petitioner's § 2254 action WITH PREJUDICE.

In this case, a certificate of appealability may issue only if Petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court concludes that Petitioner is not entitled to issuance of a certificate of appealability. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED this 7th day of February, 2024.

---

appellate rights including the right to appeal by way of post-conviction or in any other manner." Pet. at 18. The state appellate court similarly found that "Petitioner executed a voluntary waiver of any right he may have to appeal from his conviction and sentence." *Id.* at 22.

[5] The Court likewise concludes that Petitioner's "blanket assertion that DNA testing would exonerate him of his crimes" fails to meet the "high hurdle" of actual innocence. *Chavez v. Trani*, 534 F. App'x 799, 801 (10th Cir. 2013).

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE